<u>BJORLIN V. MACARTHUR EQUITIES, LTD. ET AL.</u>, 11 CV 558 (JBA)

2/17/12 – ELECTRONIC ENDORSEMENT GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL, filed 1/9/12 (Dkt. #20)

Under the Scheduling Order filed by U.S. District Judge Janet Bond Arterton on October 6, 2011 (Dkt. #14), all discovery is to be completed by March 31, 2012. Judge Arterton referred the pending Motion to Compel to this Magistrate Judge on February 6, 2012. (Dkt. #25; <u>see also</u> Dkts. ##20-21, 23-26).

With regard to the issue of waiver (<u>see</u> Dkt. #21, at 2-5 & Exhs. 4-5; Dkt. #23, at 2-4; Dkt. #24, Exhs. A-D; Dkt. #26, at 1-5), these are the types of briefs that annoy judges, because they are classic "he said, he said" situations which require a judge to make a credibility decision based solely on what is written in briefs. While defense counsel believed that there had been a mutually agreed upon stay of discovery pending the conclusion of settlement discussions (which conclusion counsel agree occurred on December 1, 2011), plaintiff's counsel categorically disagrees that there was any such stay of discovery. The letters and e-mails between counsel do not reflect the presence, or absence, of any stay of discovery. Given defense counsel's good faith belief, whether erroneous or not, that plaintiff's counsel had agreed to a stay of discovery, no waiver is found.

With regard to the merits of the discovery dispute (<u>see</u> Dkt. #21, at 5-7 & Exhs. 1-3; Dkt. #23, Brief at 4-6; Dkt. #24, Exh. D; Dkt. #26, at 5-9), at issue are twenty-six Interrogatories (all but one)(Nos., 1, 3-27)(Dkt. #21, Exhs. 2 & 4) and forty-four Requests for Production (all but four)(Nos. 1-2, 4-18, 20-22, 25-48)(Dkt. #21, Exhs. 3-4 & Dkt. #24, Exh. D).

    1. <u>Interrogatories</u>

Except for Interrogatory No. 2, defendants provided at least partial answers to all the interrogatories, but with the proviso that these answers were "subject to [the listed] objections and the foregoing General Objections." (Dkt. #21, Exh. 2). No further supplementation is required with respect to Interrogatories Nos. 1, 9, 10[1], 11, 14, 15, and 19[2]. (Dkt. #21, Exhs. 2 & 4).

With respect to Interrogatory No. 3, defendants are required to simply answer, as requested by plaintiff, that Document MAC00040 states all of the material job duties performed by plaintiff and Dell'Aera, if that is true, **on or before March 5, 2012**. (<u>Id.</u>).

With respect to Interrogatory No. 4, defendants are required to answer with respect to any apparent skill, effort and responsibility possessed or demonstrated by plaintiff and

---

[1]Plaintiff's counsel erroneously labeled this Interrogatory as No. 9 in his letter, dated December 19, 2011. (Dkt. #21, Exhs. 2 & 4).

[2]Plaintiff's counsel did not mention this Interrogatory in his letter, dated December 19, 2011. (Dkt. #21, Exhs. 2 & 4)

Dell'Aera, **on or before March 5, 2012**. (Id.).

With respect to Interrogatory No. 5, defendants are required to answer, subject to an appropriate Protective Order, regarding defendant's clients through May 27, 2009, when plaintiff ended her employment with defendant, in that she was familiar with who were defendant's clients, **on or before March 5, 2012**. (Id.)

With respect to Interrogatory No. 6, defendants are required to answer regarding any agent, broker or insurer involved in medical insurance or medical benefits matters for defendant's owners or employees, **on or before March 5, 2012**. (Id.).

With respect to Interrogatory No. 7, defendants shall provide the employee job titles, and breakdown of compensation (salary, bonus, overtime bonus, commissions, etc.) as requested by plaintiff's counsel, **on or before March 5, 2012**. (Id.).

With respect to Interrogatory No. 8, defendants only are required to identify the name of any additional insurers providing medical benefits to plaintiff, Dell'Aera, Hersh and other employees of defendant, as well as which employees actually participated and the generic kind of coverage provided, **on or before March 5, 2012**. (Id.). Defendant need not provide the amounts paid by the employer and employee, which figures are largely irrelevant. (Id.).

With respect to Interrogatory No. 12, defendants only are required to identify employment recruiters or temporary employment agencies used by defendant from November 10, 2003 through May 27, 2009, when plaintiff worked for defendant, **on or before March 5, 2012**. (Id.).

With respect to Interrogatories Nos. 13 and 18, defendants only are required to supplement whether there were any other employees whose pay was docked by defendant as a result of exceeding accrued sick time or for the use of sick time not yet accrued other than plaintiff and Hoffman, **on or before March 5, 2012**. (Id.).

With respect to Interrogatory No. 16, defendants only are required to respond to the questions, but not "in detail" as requested in the interrogatory, **on or before March 5, 2012**. (Id.).

With respect to Interrogatory No. 17, defendants only are required to explain the reason for the difference in compensation paid to plaintiff and Dell'Aera between the time he was hired and when plaintiff left, **on or before March 5, 2012**. (Id.).

Interrogatories Nos. 20-27 all concern defendants' twelve affirmative defenses; defendants are correct that it would be premature to require defendants to respond until more discovery has been completed. (Dkt. #21, at 6-7 & Exhs. 2 & 4; Dkt. #23, at 4-6; Dkt. #26, at 8-9). As previously indicated, under the latest Scheduling Order, all discovery is to be completed by March 31, 2012, some six weeks away. Therefore, defendants are required to respond to these eight Interrogatories **on or before March 23, 2012**.

2. Requests for Production

For Requests for Production Nos. 1-2, 4-18, 20-22, 25[3]-48, defendants have responded "[s]ubject to, and without waiving" their specific objection and General Objections, by referring plaintiff to the documents produced or to be produced. (Dkt. #21, Exhs. 3-4; Dkt. #24, Exhs. C-D). However, neither party has given the Magistrate Judge any information whatsoever regarding the volume of materials provided, the type of materials, etc., which might give her at least some guidance whether the disclosure was sufficient. Therefore, with respect to these Requests, counsel shall confer further with one another to attempt to reach a resolution regarding these documents, without further burdening the Court with unnecessary motion practice.

3. Sanctions

Plaintiff's request for sanctions (Dkt. #21, at 7-8) is denied.

4. Summary

Therefore, for the reasons stated above, plaintiff's Motion to Compel is granted in part to the extent set forth above with respect to Interrogatories Nos. 3, 4, 5, 6, 7, 8, 12, 13, 16, 17, and 18, with supplemental answers due **on or before March 5, 2012**;

is granted in part to the extent that the responses ordered above are due **on or before March 23, 2012** with respect to Interrogatories Nos. 20-27;

is denied with respect to Interrogatories Nos. 1, 9, 10, 11, 14, 15, and 19;

is denied without prejudice to renew with respect to Requests for Production Nos. 1-2, 4-18, 20-22, 25-48.

---

[3] Plaintiff's counsel erroneously included Nos. 23-24 in his letter, dated December 19, 2011. (Dkt. #21, Exhs. 2 & 4).