UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LENORE BJORLIN, | : | Case No. 3:11-cv-00558 (MPS) |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| MACARTHUR EQUITIES LTD., | : | |
| IRA P. HERSH, | : | |
| IRA P. HERSH, INC., | : | |
|     Defendants. | : | January 28, 2015 |

_____

**MEMORANDUM OF DECISION**

### I.    Introduction

Plaintiff Lenore Bjorlin claims that from 2006 to 2009, her employer MacArthur Equities Ltd. (since renamed Ira P. Hersh, Inc.) and its owner and president, Ira P. Hersh, discriminated against her on the basis of her gender and age, paying her less than a male coworker for the same work, creating a hostile work environment, and retaliating against her when she complained. She brought two lawsuits challenging her employer's conduct: (1) on April 8, 2011, she filed this action, asserting violations of the federal Equal Pay Act ("EPA"), 28 U.S.C. § 206(d), and (2) on August 16, 2011, she brought a suit in the Connecticut Superior Court, alleging violations of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60 et seq.[1] The state court lawsuit went to judgment first—on November 7, 2013, the state trial court entered a $2.5 million default judgment against her employer.[2] This Court must now decide whether the state court judgment, an appeal of which is pending,[3] bars Bjorlin from proceeding further with

---

[1] Dkt. No. 100.31, *Bjorlin v. MacArthur Equities, Ltd. et al.*, FBT-CV11-6021296-S (Conn. Super. Ct.).
[2] Dkt. No. 130.00, *id.*
[3] On April 24, 2014, the Defendants moved to dismiss the state court case for lack of subject matter jurisdiction, arguing that Bjorlin failed to exhaust her administrative remedies with the Connecticut Commission on Human

this action under the doctrine of res judicata, or claim preclusion, in spite of her employer's failure to raise this issue. Because the doctrine of claim preclusion furthers not only a defendant's interest in repose but also the court system's own interest in judicial economy, the Court finds that this action is barred, but stays the entry of final judgment pending a determination by the Connecticut Appellate Court as to whether the state trial court had jurisdiction over the state court action.

## II.     Res Judicata Precludes Bjorlin's Federal Claims

Connecticut law gives preclusive effect to the state court's November 7, 2013 default judgment. Having chosen to split her claims between two actions and pursue one action in state court to a final judgment on the merits, Bjorlin may not now pursue the remaining claims in federal court because those claims arise from the same transaction or series of transaction as the claims that the state court has already adjudicated. The Court will therefore enter summary judgment for the Defendants, unless the Connecticut Appellate Court determines that the state trial court lacked jurisdiction.

"Under 28 U.S.C. § 1738, [federal courts] are required to give to a state court judgment the same preclusive effect that it would have in a state court." *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan*, 263 F.3d 196, 200 (2d Cir. 2001). "The courts of [Connecticut] follow the Restatement (Second), Judgments, in applying the doctrine of res judicata." *A.J. Masi Elec. Co. v. Marron & Sipe Bldg. & Contracting Corp.*, 574 A.2d 1323, 1324 (Conn. App. 1990). "When a valid and final personal judgment is rendered in favor of the plaintiff . . . [t]he plaintiff cannot thereafter maintain an action on the original claim or any part thereof . . . ." Restatement

---

Rights and Opportunities ("CHRO") because her CHRO complaint named the wrong corporate entity and did not name Hersh individually. The state court denied that motion, Dkt. Nos. 141.10, 172.00, *id.*, as well as the Defendants' motion to open the judgment, Dkt. No. 131.10, *id.* The Defendants appealed to the Connecticut Appellate Court on October 10, 2014. Dkt. No. 167.00, *id.*

(Second) of Judgments § 18 (1982). "[T]he claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* § 24; *accord Lighthouse Landings, Inc. v. Connecticut Light & Power Co.*, 15 A.3d 601, 617 (Conn. 2011) (applying the "transactional test").

The final judgment entered in Bjorlin's favor in state court arose from the same transaction as Bjorlin's federal claims and therefore extinguishes those claims. "What factual grouping constitutes a 'transaction' . . . [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Restatement (Second) of Judgments § 24. A review of the state court complaint and federal court complaint reveals nearly identical factual allegations. In short, in both actions Bjorlin alleges that MacArthur, her employer from November 2003 to May 2009, hired Michael Dell'Aera in November 2006 and began paying him significantly more than Bjorlin received, even though Dell'Aera performed the same tasks as Bjorlin and had less experience than she did. When Bjorlin voiced her concerns, she allegedly faced retaliation—including being denied an annual raise in December 2008 in spite of a favorable performance review and history of receiving such raises—and a hostile work environment, leading to constructive discharge in May 2009.

Bjorlin argues that res judicata should not apply because the state suit is brought under the CFEPA and seeks "damages arising after her discharge" whereas the federal suit is brought under the federal EPA and seeks the "pay differential accruing in the three years prior to her termination." Mem. L. Regarding Order Show Cause (ECF No. 129) ("Bjorlin Mem."), at 7.

Although Bjorlin may be seeking damages for slightly different time periods in the two lawsuits, she sought front pay and back pay in both suits, and was awarded both forms of relief in the state court judgment. More importantly, even if the legal claims and remedies sought were entirely separate, res judicata would still apply. Restatement (Second) of Judgments § 25 (Preclusion applies "even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action.").

Bjorlin is also incorrect that "the state court judgment was not on the merits" because it was a default judgment, and that "[b]ecause an appeal is pending in the state court action it is not a 'final judgment' for res judicata purposes." Bjorlin Mem., at 6. Default judgments have preclusive effect, as do judgments currently being appealed. *See Bruno v. Geller*, 46 A.3d 974, 987 (Conn. App. 2012) ("[F]inal judgments . . . whether rendered by dismissal, *default* or otherwise, generally are considered judgments on the merits for purposes of res judicata.") (emphasis added); *Carnemolla v. Walsh*, 815 A.2d 1251, 1258 (Conn. App. 2003) ("[A] pending appeal does not preclude the application of res judicata . . . ."); *Washington v. Blackmore*, No. CIV.A.3:08CV632(SRU), 2009 WL 1473931, at *2 (D. Conn. May 27, 2009) ("Under Connecticut law, the judgment of a trial court is considered 'final' for purposes of res judicata, even where the case remains pending on appeal.") (citing *Enfield Fed. Sav. & Loan Ass'n v. Bissell*, 440 A.2d 220, 222 (Conn. 1981)).

### III.    No Exception to Preclusion Applies

The Court rejects Bjorlin's argument that equitable considerations in this case counsel against precluding her federal claims. Contrary to her argument, precluding her federal claims at this juncture poses no risk of depriving her altogether of an opportunity to seek relief for her

injuries; if the judgment already obtained in state court is reversed on appeal, new opportunities to seek relief will be opened, as described below. Nor does precluding the federal claims punish her for actions that she was compelled to take; she had the option to bring all her claims in a single action and chose to split them instead. Finally, the Defendants' failure to raise res judicata as an issue, while perhaps amounting to waiver on their part, does not require the Court to proceed with repetitive, inefficient litigation; res judicata may be raised *sua sponte*.

There is no risk that applying the doctrine of res judicata here will offend the fundamental policy of affording plaintiffs an opportunity to seek relief for their injuries. Bjorlin is correct that "doctrines of preclusion . . . should be flexible and must give way when their mechanical application would frustrate other social policies." *Bruno v. Geller*, 46 A.3d 974, 986 (Conn. App. 2012). But she is misguided in her concern that "[s]hould the instant action be dismissed, and Defendants' pending appeal prove successful, [she] will have been denied her day in court and Defendants' discriminatory conduct will remain unremedied." Bjorlin Mem., at 6.

If the Defendants are successful in reopening the state court case, Bjorlin can seek leave to amend her state court action to include the EPA claims, which would likely be granted. *Web Press Servs. Corp. v. New London Motors, Inc.*, 525 A.2d 57, 66 (Conn. 1987) ("Our jurisdiction generally follows a liberal policy in allowing amendments to complaints."). If the state court case is dismissed for lack of subject matter jurisdiction, Bjorlin may move to reopen this federal case, attaching the Connecticut Appellate Court decision, as provided for by the Court's order today. In that scenario, there would no longer be a judgment on the merits, *Bruno*, 46 A.3d at 987 ("Judgments based on the following reasons are not rendered on the merits: want of jurisdiction . . . ."), and therefore summary judgment on the basis of res judicata would no longer be available to the Defendants.

There is also no merit to Bjorlin's argument that res judicata should not apply because she was forced by jurisdictional requirements to split her claims between two actions. *See* Bjorlin Mem., at 2-3, 10-11. Bjorlin says that she filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") on July 7, 2009. Nearly two years later, on April 8, 2011, she filed the EPA claims in federal court but did not include the CFEPA claims because they were still under the exclusive jurisdiction of the CHRO. Bjorlin contends that, when the CHRO released jurisdiction on June 24, 2011, she was effectively forced to file the CFEPA claims in state court, thereby splitting her claims between two actions, because the Release of Jurisdiction required her to file suit within 90 days, and she had no guarantee that the federal court would accept supplemental jurisdiction over those claims.

Res judicata applies to plaintiffs who, in spite of procedural complexity imposed by administrative exhaustion requirements, could have brought their claims in a single action. *See Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 41 (2d Cir. 1992) ("While it is true that Woods was forced to bring her LMRA suit prior to completion of the administrative proceedings or else abandon that claim because the six-month statute of limitations on the LMRA claim was about to expire, Woods had two available courses she could have followed in order to avoid the sting of res judicata."); 18 Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 4409 (citing cases for the proposition that "[a] plaintiff who sues first on a theory that does not require resort to the agency and then sues again after clearing the agency process may find that claim preclusion arises from failure to take readily available steps to ensure that both theories could be tried together").

Bjorlin had options. She could have pursued both the CFEPA and EPA claims in state court—either by waiting to file both together once the CHRO released jurisdiction, or by filing

6

the EPA claims in state court first and later amending to add the CFEPA claim upon receiving the CHRO release. Or she could have done the same in federal court;[4] if the federal court declined supplemental jurisdiction and dismissed the CFEPA claims, any limitations period imposed by state law would have been tolled by 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under [supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."), permitting Bjorlin to bring the CFEPA claims separately in state court. *See, e.g.*, *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *see also* 18 Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 4412 ("If the federal court refuses to accept supplemental jurisdiction . . . there would be no preclusion in a subsequent state proceeding.").

Finally, the Defendants' failure to raise the doctrine of res judicata does not prevent the Court from applying it. Section 26 of the Second Restatement of Judgments, which Bjorlin cites, does codify the equitable principle that a defendant waives the defense of res judicata when "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein" by failing to object in a timely manner. Restatement (Second) of Judgments § 26(1)(a); *id.* § 26 cmt. a. But the case law makes clear that the doctrine of res judicata exists to serve the interests of the judicial system, not merely to provide defendants with repose, and can therefore be raised by a court *sua sponte* even if a defendant has waived its own right to invoke the doctrine. *Lighthouse Landings, Inc. v. Connecticut Light & Power Co.*, 15 A.3d 601, 615 n.15 (Conn. 2011) ("Although the power company did not move for summary

---

[4] Bjorlin seems to suggest that the CHRO Release of Jurisdiction required her to bring the state law claim in state court because it said, "The Complainant must bring an action in Superior Court within 90 days of the receipt of this release . . . ." Bjorlin Mem., at 2-3. This language, even if given the restrictive interpretation that Bjorlin alludes to, could not strip a federal court of its jurisdiction over pendent state law claims.

judgment on res judicata grounds, and the trial court did not consider the doctrine in ruling on the power company's motion, res judicata has been invoked by reviewing courts *sua sponte* in prior cases to promote the doctrine's underlying purpose of judicial economy and repose."); *Krepps v. Reiner*, 377 F. App'x 65, 66-67 (2d Cir. 2010) ("Krepps contends that Reiner waived his res judicata defense by not asserting it and that the district court erred in dismissing his claims against Reiner *sua sponte.* This argument is contrary to the precedent of both the Supreme Court and this court. . . . '[A] court is free to raise [res judicata] *sua sponte,* even if the parties have seemingly waived it.'" ) (quoting *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 n.4 (2d Cir. 2003)).

Permitting Bjorlin to pursue a repetitive federal action based on the same factual allegations that underlie her state court judgment would needlessly expend considerable judicial resources and risk the entry of inconsistent judgments, which would undermine the judicial system's integrity. There is no good reason for this Court and a jury to spend further time on an action that is merged into an earlier state court judgment. And there is very little weighing against those considerations. Bjorlin not only had ample opportunity to bring all of her claims without splitting them; she has also already recovered a substantial judgment compensating her injuries. The mere possibility that the judgment may be disturbed is not sufficient reason for this Court to take up claims arising from the same cause of action at this point.

**Conclusion**

For the foregoing reasons, Bjorlin's claims in this case are barred by res judicata. The Court will not, however, enter summary judgment for the Defendants until the Connecticut Appellate Court has decided the Defendants' appeal in the related case in state court. The Clerk is directed to close the case administratively, without prejudice to reopening it upon motion.

Bjorlin may move to reopen this case within 30 days after the Appellate Court's decision, attaching a copy of the decision to her motion and setting forth grounds for reopening the case, including a determination by the Appellate Court that the state trial court lacked subject matter jurisdiction. Similarly, the Defendants may seek to reopen this case for the purpose of entering final judgment, by filing a motion within 30 days after the Appellate Court's decision and attaching a copy of the decision.

**SO ORDERED** this 28th day of January, 2015, at Hartford, Connecticut.

                                                /s/
                                     Michael P. Shea
                                     United States District Judge